1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,, <br><br> Plaintiff, <br><br> v. <br><br> CAPE ROBBIN, INC., a California Corporation; and XI CHEN, an individual, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.  15-CV-07021-SJO-RAO <br><br> *DISCOVERY MATTER* <br><br> **ORDER RE STIPULATION AND JOINT APPLICATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY** <br><br><br> Complaint Filed:   September 4, 2015 |

The Court, having read and considered the Stipulation for Protective Order Re Confidentiality filed by the parties, finds that good cause appears for a Protective Order.

**IT IS HEREBY ORDERED THAT:**

**1.**   **GOOD CAUSE STATEMENT**

Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.

This is a trademark infringement case.  Resolution of the issues raised in the Complaint and any subsequent amended complaints or counter-complaints will require the disclosure and discovery of confidential, proprietary, or private information, such as, without limitation, marketing practices, sales, profit margin, discrete financial information and other matter that each respective party has taken reasonable steps to keep confidential.  Special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Disclosure or public availability of such information could give competitors of a party (whether a party in this case or a third party) an unfair advantage.  If information is not maintained as confidential a competitor could use it against the respective party (to perhaps demean the party or its product) or could know the party's marketing strategies.  Marketing and financial information warrants being excluded from access by the parties themselves, limited to attorneys' access.  While Deckers is a publicly traded company, the defendants are not publicly traded.  In any event, public financial information does not generally reveal cost and profit information for a particular product.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel: Counsel of Record for a party (as well as their support staff), but not an in-house counsel.

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party: any party to this action, including all of its officers, directors, in-house counsel, employees, consultants, retained experts, and Counsel (and their support staffs).

/ / /

2.10   <u>Producing Party</u>: a Party or Non-Party that produces Material in this action.

2.11   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

- 4 -

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Notwithstanding anything to the contrary, this Order shall not prevent or preclude the admission of Protected Material in open court at trial unless the Court makes a separate order or excludes certain persons from the courtroom.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. For example, information that was previously made public shall not be designated confidential. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   If it comes to a Designating Party's attention that information or items that it

2   designated for protection do not qualify for protection at all or do not qualify for the

3   level of protection initially asserted, that Designating Party must promptly notify all

4   other parties that it is withdrawing the mistaken designation.

5       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

6   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

7   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

8   under this Order must be clearly so designated before the material is disclosed or

9   produced.

10      Designation in conformity with this Order requires:

11      (a)  <u>for information in documentary form</u> (e.g., paper or electronic

12  documents, but excluding transcripts of depositions or other pretrial or trial

13  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

14  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" each page that contains

15  protected material. If only a portion or portions of the material on a page qualifies

16  for protection, the Producing Party also must clearly identify the protected

17  portion(s) (e.g., by making appropriate markings in the margins) and must specify,

18  for each portion, the level of protection being asserted.

19      A Party or Non-Party that makes original documents or materials

20  available for inspection need not designate them for protection until after the

21  inspecting Party has indicated which material it would like copied and produced.

22  During the inspection and before the designation, all of the material made available

23  for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY."  After the inspecting Party has identified the documents it wants copied

25  and produced, the Producing Party must determine which documents, or portions

26  thereof, qualify for protection under this Order. Then, before producing the

27  specified documents, the Producing Party must affix the appropriate legend

28  ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ) to

1   each page that contains Protected Material. If only a portion or portions of the

2   material on a page qualifies for protection, the Producing Party also must clearly

3   identify the protected portion(s) (e.g., by making appropriate markings in the

4   margins) and must specify, for each portion, the level of protection being asserted.

5         (b) for testimony given in deposition or in other pretrial or trial

6   proceedings, that the Designating Party identify on the record, before the close of

7   the deposition, hearing, or other proceeding, all protected testimony and specify the

8   level of protection being asserted. In addition, counsel for either party may, at the

9   commencement of , during, or upon completion of the deposition, temporarily

10   designate the entire deposition as "CONFIDENTIAL" or "CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY" provided, however, that where such an initial

12   designation has been made, the designating party, within fifteen (15) days after

13   receipt of the final transcript, shall mark as "CONFIDENTIAL" or

14   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as

15   such party shall then deem Confidential Information (the confidential designation

16   of all remaining pages being rescinded after such period), and shall notify the other

17   party in writing which pages are deemed Confidential Information. In the event that

18   such notice is not sent within said fifteen (15) days of the receipt of the transcript,

19   no portion of the deposition shall thereafter be confidential unless the designating

20   party thereafter notifies the other party that the failure to timely designate occurred

21   by oversight, in accordance with Section 5.3.

22       Parties shall give the other parties notice if they reasonably expect a

23   deposition, hearing or other proceeding to include Protected Material so that the

24   other parties can ensure that only authorized individuals who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

26   proceedings.  The use of a document as an exhibit at a deposition shall not in any

27   way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY."

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate Confidential Information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Promptly upon realizing an inadvertent failure to designate, the Designating Party shall give notice and correct the failure. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to (i) assure that the material is treated in accordance with the provisions of this Order and (ii) have any person that has received the Confidential Information not further disclose or use it for any purpose.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet-and-Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by meeting and conferring in accordance with Local Rule 37-1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may proceed with a motion under Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable).  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. If a motion challenging

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  designation is not filed within sixty (60) days after the parties' Local Rule 37

2  meeting (but no later than the last date for discovery motions to be heard) the

3  material at issue will remain as designated throughout the case.

4  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

5        7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a Non-Party in connection with this

7  case only for prosecuting, defending, or attempting to settle this litigation, and for

8  no other purpose. Such Protected Material may be disclosed only to the categories

9  of persons and under the conditions described in this Order. When the litigation has

10  been terminated, a Receiving Party must comply with the provisions of section 15

11  below (FINAL DISPOSITION).

12        Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15        7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

16  otherwise ordered by the court or permitted in writing by the Designating Party, a

17  Receiving Party may disclose any information or item designated

18  "CONFIDENTIAL" only to:

19              (a)  the Receiving Party's Counsel in this action, as well as employees

20  of said Counsel to whom it is reasonably necessary to disclose the information for

21  this litigation;

22              (b)  the officers, directors, and employees (including In-House

23  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

24  litigation;

25              (c)  Experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28              (d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(f)  during their depositions, witnesses in the action (other than one described in subparagraph 7.2(g) below) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants,[1] and Professional Vendors to whom disclosure is reasonably necessary

---

[1] The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  for this litigation; and

2          (e)  the author or recipient of a document containing the information or

3  a custodian or other person who otherwise possessed or knew the information.

4  **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

5          **PRODUCED IN OTHER LITIGATION**

6          If a Party is served with a subpoena or a court order issued in other litigation

7  that compels disclosure of any information or items designated in this action as

8  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that

9  Party must:

10         (a)  promptly notify in writing the Designating Party. Such notification shall

11  include a copy of the subpoena or court order;

12         (b)  promptly notify in writing the party who caused the subpoena or order to

13  issue in the other litigation that some or all of the material covered by the subpoena

14  or order is subject to this Protective Order. Such notification shall include a copy of

15  this Stipulated Protective Order; and

16         (c)  cooperate with respect to all reasonable procedures sought to be pursued

17  by the Designating Party whose Protected Material may be affected.

18         If the Designating Party timely seeks a protective order, the Party served with

19  the subpoena or court order shall not produce any information designated in this

20  action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY" before a determination by the court from which the subpoena or order

22  issued, unless the Party has obtained the Designating Party's permission.  The

23  Designating Party shall bear the burden and expense of seeking protection in that

24  court of its confidential material – and nothing in these provisions should be

25  construed as authorizing or encouraging a Receiving Party in this action to disobey

26  a lawful directive from another court. Nothing in this court shall be construed as

27

28  wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   authorizing a party to disobey a lawful subpoena issued in another action.

2   **9.   NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

3   **PRODUCED IN THIS LITIGATION**

4   (a)   The terms of this Stipulation and any Order that issues on this

5   Stipulation are applicable to information produced by a Non-Party in this action and

6   designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY." Such information produced by Non-Parties in connection with this

8   litigation is protected by the remedies and relief provided by this Order.  Nothing in

9   these provisions should be construed as prohibiting a Non-Party from seeking

10  additional protections.

11  (b)   In the event that a Party is required, by a valid discovery request, to

12  produce a Non-Party's confidential information in its possession, and the Party is

13  subject to an agreement with the Non-Party not to produce the Non-Party's

14  confidential information, then the Party shall:

15  1.  promptly notify in writing the Requesting Party and the Non- Party

16  that some or all of the information requested is subject to a confidentiality

17  agreement with a Non-Party;

18  2. promptly provide the Non-Party with a copy of the Stipulated

19  Protective Order in this litigation, the relevant discovery request(s), and a

20  reasonably specific description of the information requested; and

21  3. make the information requested available for inspection by the Non-

22  Party.

23  (c)   If the Non-Party fails to object or seek a protective order from this

24  court within 14 days of receiving the notice and accompanying information, the

25  Receiving Party may produce the Non-Party's confidential information responsive

26  to the discovery request. If the Non-Party timely seeks a protective order, the

27  Receiving Party shall not produce any information in its possession or control that

28  is subject to the confidentiality agreement with the Non-Party before a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  determination by the court. Absent a court order to the contrary, the Non-Party shall

2  bear the burden and expense of seeking protection in this court of its Protected

3  Material.

4  **10.**  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

5       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

6  Protected Material to any person or in any circumstance not authorized under this

7  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

8  writing the Designating Party of the unauthorized disclosures, (b) use its best

9  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

10  person or persons to whom unauthorized disclosures were made of all the terms of

11  this Order, and (d) request such person or persons to execute the "Acknowledgment

12  and Agreement to Be Bound" that is attached hereto as Exhibit A.  Notwithstanding

13  compliance with this provision, the Producing Party apply to the Court for relief

14  and appropriate sanctions to the Receiving Party.

15  **11.**  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

16       **PROTECTED MATERIAL**

17       When a Producing Party gives notice to Receiving Parties that certain

18  inadvertently produced material is subject to a claim of privilege or other

19  protection, the obligations of the Receiving Parties are those set forth in Federal

20  Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

21  whatever procedure may be established in an e-discovery order that provides for

22  production without prior privilege review. Pursuant to Federal Rule of Evidence

23  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

24  of a communication or information covered by the attorney-client privilege or work

25  product protection, the parties may incorporate their agreement in the stipulated

26  protective order submitted to the court.

27  **12.**  **MISCELLANEOUS**

28       12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 13.   **<u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   the Designating Party) by the 60-day deadline that (1) identifies (by category,

2   where appropriate) all the Protected Material that was returned or destroyed and (2)

3   affirms that the Receiving Party has not retained any copies, abstracts,

4   compilations, summaries or any other format reproducing or capturing any of the

5   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

6   archival copy of all pleadings, motion papers, trial, deposition, and hearing

7   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

8   reports, attorney work product, and consultant and expert work product, even if

9   such materials contain Protected Material. Any such archival copies that contain or

10  constitute Protected Material remain subject to this Protective Order as set forth in

11  Section 4 (DURATION).

12

13  **IT IS SO ORDERED.**

14  Dated:   October 8, 2015

15                                           _____

16                                                Hon. Rozella A. Oliver
                                                 United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, with an address in

_____

declare that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ in the case of *Deckers Outdoor Corporation*

*v.Cape Robbin, Inc., et al.*, Case No. 15-CV-07021-SJO-RAO.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I declare under penalty of perjury that the forgoing is true and correct.

Executed _____ at _____

Signature: _____

Printed name: _____

1   *Submitted By*:

2   ARNOLD E. SKLAR (SBN 051595)
    TIM M. AGAJANIAN (SBN 130508)
3   ALAN J. HART (SBN 278645)
    **ROPERS, MAJESKI, KOHN & BENTLEY**
4   445 South Figueroa Street, Suite 3000
    Los Angeles, California  90071-2213
5   Telephone:  (213) 312-2000
    Facsimile:  (213) 312-2001
6   Email:      asklar@rmkb.com
    Email:      tagajanian@rmkb.com
7   Email:      ahart@rmkb.com

8

9   By: */s/ Arnold E. Sklar*
            ARNOLD E. SKLAR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*